**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4367**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BRIAN SCOTT MAYLE,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:16-cr-00023-JPB-MJA-14)

Submitted: January 31, 2019                Decided: April 3, 2019

Before AGEE and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Diana Stavroulakis, Weirton, West Virginia, for Appellant. William J. Powell, United States Attorney, Stephen D. Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Scott Mayle appeals the 60-month sentence imposed following his guilty plea to unlawfully receiving and transporting C4 explosive material, in violation of 18 U.S.C. §§ 842(a)(3)(A), 844(a) (2012). On appeal, Mayle asserts that the district court reversibly erred by failing to account for a related, undischarged state sentence when calculating his Sentencing Guidelines range. Because the district court did not apply U.S. Sentencing Guidelines Manual § 5G1.3(b) (2016), and because the Government has not shown that the error is harmless, we vacate Mayle's sentence and remand for resentencing.

We review de novo the district court's application of the Guidelines. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018). Although the Guidelines are merely advisory, *see United States v. Booker*, 543 U.S. 220, 245 (2005), they provide "the essential framework" for sentencing proceedings and "anchor the district court's discretion," *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) (ellipsis and internal quotation marks omitted). Thus, a sentencing court "must correctly determine whether the Guidelines recommend concurrent sentences," and the "[f]ailure to do so results in procedural error." *United States v. Nania*, 724 F.3d 824, 830 (7th Cir. 2013).

Section 5G1.3(b) supplies the procedure for determining the Guidelines range where (1) the instant offense was not committed while the defendant was serving, or awaiting service of, a term of imprisonment, and (2) the instant offense and a prior term of imprisonment arose out of the same relevant conduct. In such a situation:

2

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

USSG § 5G1.3(b).

Here, Mayle did not commit the instant offense while serving or waiting to serve a prison sentence. In addition, three months before his federal conviction, a state court sentenced him to one to five years' imprisonment for fleeing in a vehicle with reckless regard—an offense arising from the same conduct underlying the explosive material charge to which Mayle pled guilty. As a result, the district court was required to apply the provisions of § 5G1.3(b) to account for Mayle's related state sentence. By declining Mayle's request to do so, the court committed procedural error. *See Nania*, 724 F.3d at 830.

Even so, a procedural error requires reversal only if it is not harmless. *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017). "A procedural error is harmless if (1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *Id.* (internal quotation marks omitted). The Government bears the burden of establishing "that the error was harmless such that it did not affect [the] defendant's substantial rights." *United States v. Martinovich*, 810 F.3d 232, 243 (4th Cir. 2016) (internal quotation marks omitted).

3

The district court calculated a Guidelines range of 18 to 24 months but imposed a substantial variance sentence of 60 months,[1] to be served consecutively to any prior state sentence. In so doing, the court neglected to consider § 5G1.3(b)(2)'s recommendation that the federal sentence run concurrently with the undischarged portion of Mayle's state fleeing sentence—a shortcoming that, critically, the Government completely fails to address. Moreover, the indeterminate nature of Mayle's state sentence complicates our ability to assess the magnitude of the court's procedural error. While we might find the error harmless if Mayle received only a one-year state sentence, *see United States v. Savillon-Matute*, 636 F.3d 119, 123-24 (4th Cir. 2011) (finding error of similar magnitude to be harmless), we would not reach this same conclusion if Mayle served the entire five-year term in state custody. Because the ultimate length of Mayle's indeterminate state sentence remains an unknown variable, and because the Government fails to offer any argument on this point, we are unable to conclude that the district court's procedural error is harmless.[2]

Accordingly, we vacate Mayle's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately

---

[1] Mayle claims that his sentence, styled as a variance, was actually a departure that required notice and adherence to the departure Guidelines. Because we credit his § 5G1.3(b) argument, it is unnecessary for us to consider this other sentencing claim.

[2] We note that the district court also failed to consider whether Mayle had already served any of his state fleeing sentence at the time of his federal sentencing. *See* USSG § 5G1.3(b)(1).

presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*