**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4308

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRADFORD D VOL ALLEN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Max O. Cogburn, Jr., District Judge. (1:15-cr-00064-MOC-DLH-1)

Argued: September 28, 2018                    Decided: November 28, 2018

Before NIEMEYER and KEENAN, Circuit Judges and Norman K. MOON, Senior United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed by published opinion. Judge Keenan wrote the opinion, in which Judge Niemeyer and Judge Moon joined.

**ARGUED:** Robert Carpenter, DUNGAN, KILBOURNE & STAHL, PA, Asheville, North Carolina, for Appellant. Anthony Joseph Enright, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee. **ON BRIEF:** R. Andrew Murray, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

BARBARA MILANO KEENAN, Circuit Judge:

Bradford D Vol Allen was convicted following his guilty plea to one count of unlawful possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, Allen contends that the district court committed two sentencing errors: 1) in increasing his base offense level due to his prior conviction of a "controlled substance offense" under 21 U.S.C. § 843(b), for using a communication facility to facilitate the crime of possession with intent to distribute cocaine base; and 2) in assigning one criminal history point for a prior North Carolina consolidated judgment. Upon our review, we affirm the district court's judgment.

I.

In 2016, Allen pleaded guilty to the unlawful possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The probation officer prepared a presentence report (PSR), which included two prior convictions relevant to this appeal. First, in 2009, Allen was convicted of using a communication facility to facilitate the crime of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 843(b) (the Section 843(b) conviction). And second, in 2007, Allen was convicted of two North Carolina misdemeanors, namely, possession of marijuana in an amount less than or equal to one-half ounce, and second-degree trespass. The two misdemeanor convictions were consolidated into one judgment for sentencing under North Carolina law. *See* N.C. Gen. Stat. § 15A-1340.15(b).

The probation officer recommended in the PSR that Allen's base offense level be increased to 24 under the United States Sentencing Guidelines (Guidelines) § 2K2.1(a)(2), based on his two prior felony convictions of "controlled substance offenses," including his Section 843(b) conviction. U.S.S.G. § 2K2.1(a)(2). The probation officer also recommended that one point be added under Guidelines § 4A1.1(c) to Allen's criminal history score based on the North Carolina consolidated judgment.

Allen objected to both recommendations made by the probation officer. First, he argued that the Section 843(b) conviction did not qualify as a "controlled substance offense" for purposes of computing his base offense level. Second, Allen asserted that he should not have been assigned one criminal history point for the North Carolina consolidated judgment due to the allegedly disproportionate effect this point would have on his Guidelines range. Exclusion of this single point in his criminal history would have resulted in a lower Guidelines range.

At sentencing, the district court overruled both objections to the PSR, and adopted the PSR in all respects. After determining that Allen's advisory Guidelines range was a term of imprisonment of between 84 and 105 months, the district court varied downward and imposed a sentence of 77 months' imprisonment. Allen now appeals.

II.

Allen first argues that his Section 843(b) conviction does not qualify as a "controlled substance offense" for purposes of determining his base offense level under Guidelines § 2K2.1(a). Allen acknowledges that the relevant Guidelines commentary

3

specifically states that a Section 843(b) conviction is a "controlled substance offense" when the underlying conviction also qualifies as a "controlled substance offense." Nevertheless, he maintains that under a "categorical approach" analysis, his Section 843(b) conviction does not qualify because its elements sweep more broadly than the Guidelines' definition of a "controlled substance offense." Accordingly, Allen contends that the district court erred in increasing his base offense level from 20 to 24 due to his Section 843(b) conviction. We disagree with Allen's argument, and do not apply a categorical analysis because the relevant commentary is authoritative and controlling.

Our standard of review is well established. We consider de novo the issue whether a prior conviction qualifies under the Guidelines as a "controlled substance offense" for purposes of a sentencing enhancement. *See United States v. McCollum*, 885 F.3d 300, 304 (4th Cir. 2018).

Under Guidelines § 2K2.1(a)(2), a defendant's base offense level for possession of a firearm by a felon increases to 24 if the defendant committed that offense with a criminal record containing at least two prior felony convictions for a "controlled substance offense" or a "crime of violence." U.S.S.G. § 2K2.1(a)(2). The term "controlled substance offense" is defined in Guidelines § 4B1.2(b) and is incorporated by reference in the application note to Guidelines § 2K2.1. This term includes any state or federal offense punishable by imprisonment for a term exceeding one year, that

> prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

4

U.S.S.G. § 4B1.2(b). Allen's predicate conviction at issue here, under Section 843(b), states that

> [i]t shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter [controlled substance offenses] or subchapter II [drug trafficking offenses].

21 U.S.C. § 843(b). The commentary to Guidelines § 4B1.2 states in Application Note One that a Section 843(b) conviction constitutes a "controlled substance offense" if the underlying felony "committed, caused, or facilitated" by use of a "communication facility" was a "controlled substance offense" (the Section 843(b) commentary). U.S.S.G. § 4B1.2, appl. n.1.

The Section 843(b) commentary, like all Guidelines commentary, is designed to aid the critical tasks of the sentencing court. *See* U.S.S.G. § 1B1.7. The Guidelines necessarily are structured at a level of generality that permits their application to the many varied facts and circumstances presented in the sentencing process. *See generally Stinson v. United States*, 508 U.S. 36, 40-42 (1993). In this context, the commentary puts "flesh on the bones" of the Guidelines.

The issue of the proper weight to be accorded the Guidelines commentary was decided by the Supreme Court in *Stinson*. The Court emphasized that when commentary interprets a guideline provision or explains how a guideline is to be applied, the commentary is controlling. *Id.* at 42-43. In a bright-line holding, the Court stated that the Guidelines commentary is authoritative and controlling unless it 1) "violates the

5

Constitution or a federal statute;" 2) "is inconsistent with" the Guidelines; or 3) constitutes a "plainly erroneous reading" of the Guidelines. *Id.* at 37-38.

Generally, the commentary will be held inconsistent with the Guidelines when following the commentary would violate the dictates of the relevant Guidelines. *Id.* at 43. Conversely, when the commentary "interprets or explains" the Guidelines, that commentary will be deemed consistent with the Guidelines. *Id.* at 38, 44 ("commentary explains the guidelines and provides concrete guidance as to how even unambiguous guidelines are to be applied in practice"); *see, e.g.*, *United States v. Paneto*, 661 F.3d 709, 717-18 (1st Cir. 2011) (holding that the commentary clarified the term "in connection with" under Guidelines § 2K2.1); *United States v. Johnson*, 605 F.3d 82, 83-84 (D.C. Cir. 2010) (relying on commentary placing a "law enforcement officer" within a sentencing enhancement covering public officials serving in a "sensitive position"); *United States v. Morris*, 562 F.3d 1131, 1135-36 (10th Cir. 2009) (holding that the commentary clarified the term "another felony" under Guidelines § 2K2.1).

Courts regularly apply the commentary in determining whether a prior conviction qualifies as a predicate offense for purposes of a sentencing enhancement. Although this Court has not addressed the particular Section 843(b) commentary at issue in this case, we previously have addressed another part of Application Note One that clarified Guidelines § 4B1.2. *United States v. Walton*, 56 F.3d 551, 555-56 (4th Cir. 1995). In *Walton*, we considered the question whether a defendant's Section 843(b) conviction qualified as a "controlled substance offense" within the meaning of that Guidelines term as it was defined at that time. *Id.*

Our discussion in *Walton* addressed an earlier version of Application Note One that did not include the Section 843(b) commentary. *Id.* Instead, we focused on the Guidelines commentary to the definition of a "controlled substance offense," which stated in Application Note One that "offenses of aiding and abetting" a "controlled substance offense" are considered "controlled substance offenses" for purposes of computing a defendant's Guidelines range (the aiding and abetting commentary). U.S.S.G. § 4B1.2, appl. n.1 (2003). We held that the aiding and abetting commentary clarified that a "controlled substance offense" included any prior conviction that aided or abetted a "controlled substance offense." *Walton*, 56 F.3d at 555. Underlying our rationale was the long-standing rule that an aider and abettor to a crime generally is punishable under federal law as a principal. *See* 18 U.S.C. § 2; *see also Rosemond v. United States*, 572 U.S. 65, 70 (2014) (stating that the rule that "a person who . . . 'aids, abets' . . . 'is punishable as a principal'" is based on a "centuries-old view of culpability" (citations omitted)). Accordingly, we held in *Walton* that the defendant's Section 843(b) conviction was a valid predicate offense in the computation of a career offender enhancement, *see* U.S.S.G. § 4B1.1, because the defendant used a telephone to aid the commission of his underlying "controlled substance offense," namely, distribution of cocaine. *Walton*, 56 F.3d at 555-56.

The Section 843(b) commentary before us also is dispositive here. This commentary states that a Section 843(b) conviction is a "controlled substance offense" if the "underlying offense" is a "controlled substance offense." U.S.S.G. § 4B1.2, appl. n.1. Thus, this particular provision serves an explanatory function by describing one way in

which a "controlled substance offense" may be committed, namely, by using a communication facility. *Cf. Stinson*, 508 U.S. at 44. This language is not inconsistent with the dictates of Guidelines § 2K2.1, which provides that a defendant be assigned a base offense level of 24 if he has committed at least a part of the present offense after having been convicted of two felony offenses of a "crime of violence" or a "controlled substance offense." *Cf. Stinson*, 508 U.S. at 43; U.S.S.G. §§ 2K2.1, 4B1.2, appl. n.1. And Allen does not argue that the Section 843(b) commentary violates the Constitution or a federal statute, or that the Section 843(b) commentary is a plainly erroneous reading of the Guidelines. *See Stinson*, 508 U.S. at 38.

The history of the amendment codifying the Section 843(b) commentary further supports the conclusion that this commentary is controlling. Before the inclusion of this commentary, we were one of three federal courts of appeal holding that a Section 843(b) conviction is a "controlled substance offense" for purposes of the career offender enhancement in Guidelines § 4B1.1.[1] *Walton*, 56 F.3d at 555-56; *see United States v. Mueller*, 112 F.3d 277, 281-83 (7th Cir. 1997); *United States v. Vea-Gonzalez*, 999 F.2d 1326, 1328-31 (9th Cir. 1993). The United States Sentencing Commission (the

---

[1] Since the ratification of the Section 843(b) commentary, the Third Circuit has held that a Section 843(b) conviction is a "controlled substance offense" for purposes of determining career offender status under Guidelines § 4B1.1. *United States v. Williams*, 176 F.3d 714, 715-18 (3d Cir. 1999) (noting that Application Note One was ratified after the defendant was sentenced but would have controlled its analysis); *see also United States v. Jimenez*, 533 F.3d 1110, 1112-13 (9th Cir. 2008) (concluding that a Section 843(b) conviction is a "drug trafficking offense" for purposes of Guidelines § 2L1.2, which contains a nearly identical definition of "controlled substance offense" as that found in Guidelines § 4B1.2).

8

Commission), which promulgates the Guidelines, stated that the Commission's intention in amending Application Note One in 1997 to include the Section 843(b) commentary was to codify these several circuit court decisions. U.S.S.G. App. C, Amend. No. 568, effective Nov. 1, 1997 (citing *Vea-Gonzalez*, 999 F.2d at 1326).

We now apply the Section 843(b) commentary, which is incorporated by reference into Guidelines § 2K2.1, consistent with the Commission's intent. *See id.* Accordingly, we hold that the inclusion of Section 843(b) in Application Note One as a "controlled substance offense," when the underlying offense also is a "controlled substance offense," is authoritative and controlling.

Having determined that the Section 843(b) commentary is controlling in our review of Allen's base offense level, we next consider whether the felony offense underlying his Section 843(b) conviction qualifies as a "controlled substance offense." U.S.S.G. § 4B1.2, appl. n.1. The relevant Guidelines provision defines a "controlled substance offense" as including the "possession of a controlled substance . . . with intent to . . . distribute." U.S.S.G. § 4B1.2(b). Allen's 2009 judgment of conviction shows that he used a communication facility to facilitate the underlying offense of possession with intent to distribute cocaine base, which plainly is a "controlled substance offense." 21 U.S.C. § 812 (listing cocaine as a schedule II controlled substance); *cf.* U.S.S.G. § 4B1.2(b). We therefore hold that Allen's Section 843(b) conviction is a "controlled substance offense" that served as a valid predicate offense for enhancing his base offense level under Guidelines § 2K2.1(a)(2).

9

III.

Allen next argues that the district court erred in adding one point to his criminal history score based on his North Carolina consolidated judgment. According to Allen, because one of the two offenses comprising his North Carolina consolidated judgment cannot be used in assigning a criminal history point, that judgment should not have been counted in computing his criminal history score. We disagree with Allen's argument.[2]

On a challenge to a district court's application of the Guidelines, we review questions of law de novo and findings of fact for clear error. *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017). Subject to certain exceptions, misdemeanor offenses generally are assigned one or more criminal history points. U.S.S.G. § 4A1.2(c). However, one of the misdemeanor offenses included in Allen's North Carolina consolidated judgment, the trespass offense, falls within the category of misdemeanor offenses that may not be assigned a criminal history point. U.S.S.G. § 4A1.2(c)(1). The other misdemeanor offense included in his consolidated judgment, possession of

---

[2] We also disagree with Allen's alternative argument that the district court should have granted him a downward departure, because Allen's criminal history category substantially overrepresented the seriousness of his criminal history. *See* U.S.S.G. § 4A1.3(b). "A district court's decision not to depart from the Sentencing Guidelines is not reviewable unless the court mistakenly believed that it lacked authority to depart." *United States v. Allen*, 491 F.3d 178, 193 (4th Cir. 2007); *see also United States v. Brewer*, 520 F.3d 367, 371 (4th Cir. 2008) (stating that the First, Third, Sixth, Eighth, Tenth, and Eleventh Circuits decline to review sentencing decisions denying downward departures). Because nothing in the record suggests that the district court mistakenly thought that it lacked authority to grant a downward departure, we do not further address this argument. *Allen*, 491 F.3d at 193.

marijuana, is not subject to exclusion under Guidelines § 4A1.2(c) and, thus, may be assigned one point in computing his criminal history.

Based on these distinctions in the counting of misdemeanor convictions under Guidelines § 4A1.2(c), we hold that the district court properly added one criminal history point for the North Carolina consolidated judgment. The misdemeanor marijuana possession offense independently would have been assessed a criminal history point, and the fact that the consolidated judgment also included a non-qualifying offense does not change that result. Accordingly, because the misdemeanor trespass offense had no effect on the computation of Allen's criminal history, the district court did not err in assigning a criminal history point for the misdemeanor possession of marijuana conviction.

IV.

For these reasons, we affirm the district court's judgment.

*AFFIRMED*