**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4248**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

JOSE ADRIAN DIAZ-HERNANDEZ,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00362-WO-1)

Submitted:  October 31, 2019                          Decided:  December 6, 2019
                           Amended:  January 2, 2020

Before GREGORY, Chief Judge, and DIAZ and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Matthew G.T. Martin, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Adrian Diaz-Hernandez appeals the 18-month sentence imposed by the district court following his guilty plea to illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(a) (2018). Diaz-Hernandez argues that his sentence, which is within the properly calculated Sentencing Guidelines range, is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a) (2018). We affirm.[*]

We review criminal sentences for reasonableness using "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 49-51. Only after determining that the sentence is procedurally reasonable do we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Id.* at 51; *United States v. Provance*, ___ F.3d ___, ___, No. 18-4783, 2019 WL 6482389, at *2-4 (4th Cir. Dec. 3, 2019). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted), and Diaz-Hernandez bears the burden of

---

[*] This opinion replaces the opinion in this case issued on December 6, 2019.

rebutting that presumption "by showing that the sentence is unreasonable when measured against the § 3553(a) factors," *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

At sentencing, the district court established a Guidelines range of 18 to 24 months' imprisonment. Diaz-Hernandez requested a downward departure pursuant to U.S. Sentencing Guidelines Manual § 2L1.2 cmt. n.7 (2018)—to account for the time he served in state custody on an unrelated conviction—or, alternatively, a downward variance. The district court denied Diaz-Hernandez's requests. Because the district court explicitly recognized its authority to depart from the Guidelines range, its decision not to do so is not reviewable. *United States v. Allen*, 909 F.3d 671, 677 n.2 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1575 (2019). In denying Diaz-Hernandez's alternate request for a downward variance, the district court acknowledged several mitigating factors but ultimately concluded that a below-Guidelines sentence was insufficient to reflect the seriousness of the offense and to deter criminal conduct. Because Diaz-Hernandez has failed to rebut the presumption of reasonableness that we afford his within-Guidelines-range sentence, *Louthian*, 756 F.3d at 306, we conclude that the district court did not abuse its discretion in imposing Diaz-Hernandez's sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*