**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4904**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

ANTONIO WALKER-BEY, JR., a/k/a Tone,

              Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge.  (1:17-cr-00547-CCB-1)

Submitted:  December 30, 2019                  Decided:  January 15, 2020

Before WYNN, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alfred Guillaume, III, LAW OFFICES OF ALFRED GUILLAUME III, Greenbelt, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Christina A. Hoffman, Assistant United States Attorney, Lauren E. Perry, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Walker-Bey, Jr., appeals his conviction and 108-month sentence imposed by the district court following a jury trial for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g) (2018). On appeal, Walker-Bey argues that the district court erred by denying his motion to suppress and by admitting certain evidence. Walker-Bey further contends that the Government's opening statement and the court's failure to issue a curative instruction constitute reversible error. Finally, Walker-Bey contends that the district court erred by imposing an offense level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2016). We affirm.

I

Walker-Bey's charge was based on a loaded 9mm handgun that the Government alleged Walker-Bey possessed and subsequently threw out of his car window while fleeing at high speed from a traffic stop. Before trial, Walker-Bey argued that police officers lacked reasonable suspicion to conduct the traffic stop and moved to suppress evidence recovered from his person and vehicle following his arrest—including the handgun, 17 Ziploc bags of marijuana, two cell phones, and a large amount of cash.

"In considering the appeal of a denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017) (internal quotation marks omitted). "We further construe the evidence in the light most favorable to the [G]overnment—the prevailing party below." *Id.* (internal quotation marks omitted). At the suppression hearing, Baltimore City

2

Police Officer Jason DiPaola testified that he initiated the traffic stop because he believed Walker-Bey's vehicle's windows were tinted darker than allowable under Maryland law.[1] Upon observing a traffic violation, a police officer may stop a vehicle regardless of his subjective motivations, "as long as the circumstances, viewed objectively, justify that action." *Whren v. United States*, 517 U.S. 806, 813 (1996) (internal quotation marks omitted).

DiPaola testified that based on his on-the-job training, a window tint that does not allow an officer to see inside the car is "likely . . . going to be too dark for the law." (J.A. 42).[2] He further testified that he had responded to a traffic stop several weeks earlier where another officer had stopped Walker-Bey—driving the same vehicle—and issued a repair order for having window tints that exceeded the legal limit. DiPaola stated that based on his observations and training, the vehicle's tint remained darker than legally allowed. We conclude that the district court did not clearly err in crediting this testimony. Consequently, the court did not err in finding that DiPaola had articulated a reasonable suspicion for stopping Walker-Bey or in denying Walker-Bey's motion to suppress.

---

[1] Under Maryland law, window tints must "allow a light transmittance through the window of at least 35%." Md. Code Ann., Transp. § 22-406(i)(1)(i) (LexisNexis 2009). A law enforcement officer who "observes that a vehicle is being operated in violation of [this requirement] . . . may stop the driver of the vehicle and, in addition to a citation charging the driver with the offense, issue to the driver a safety equipment repair order." Md. Code Ann., Transp. § 22-406(i)(2) (LexisNexis 2009).

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

3

II

Walker-Bey next contends that the Government's opening statement and the district court's failure to issue a curative instruction constitute reversible error. A prosecutor's remarks during an opening statement constitute prosecutorial misconduct if they were (1) improper and (2) "so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." *United States v. Saint Louis*, 889 F.3d 145, 156 (4th Cir.), *cert. denied*, 139 S. Ct. 270 (2018) (applying prosecutorial misconduct analysis to closing arguments). "We review . . . a district court's . . . decision regarding a curative instruction for an abuse of discretion." *United States v. Wallace*, 515 F.3d 327, 330 (4th Cir. 2008).

In her opening statement, the prosecutor remarked that the evidence would show that Walker-Bey "frequently bought and sold firearms . . . in the months and days leading up to [his] arrest." (J.A. 124). She further urged the jury to hold Walker-Bey accountable for his crime (J.A. 126) and stated that although Walker-Bey thought he could "walk away from his reckless criminal conduct" (J.A. 119), he could not "outrun the evidence" (J.A. 125). Walker-Bey objected and requested a curative instruction, which the district court declined to give because it found that the prosecutor's statements were reasonable inferences that the jury could draw if it chose to credit the Government's evidence. We conclude that the prosecutor's entreaty that the jury hold Walker-Bey accountable for his crimes, her summary of the evidence about buying and selling firearms, and her categorization of Walker-Bey's high-speed flight from a traffic stop as "reckless" did not "so prejudice[ Walker-Bey's] substantial rights that [Walker-Bey] was denied a fair trial." *Saint Louis*, 889 F.3d at 156. We further conclude that the district court did not abuse its

4

discretion in declining to give a curative instruction based on a proper opening statement from the Government.

## III

Walker-Bey also argues that the district court erred by (1) admitting certain evidence of prior acts under Fed. R. Evid. 404(b) and (2) failing to adequately safeguard against a strong likelihood of jury confusion between expert and factual testimony. We review evidentiary decisions—including Rule 404(b) rulings and decisions to admit expert testimony—for abuse of discretion. *United States v. Landersman*, 886 F.3d 393, 411 (4th Cir. 2018) (expert testimony); *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016) (Rule 404(b) rulings). We further review evidentiary rulings for harmless error and will not reverse the district court's ruling so long as "we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018) (internal quotation marks omitted).

Before trial, the district court ruled that evidence recovered from Walker-Bey's cell phones—including photos of Walker-Bey with firearms and text and Facebook messages discussing buying and selling firearms—and a recording of a jail telephone call between Walker-Bey and his father discussing selling a firearm all were admissible under Rule 404(b). "Rule 404(b) is an inclusive rule," *United States v. Wilson*, 624 F.3d 640, 651 (4th Cir. 2010) (internal quotation marks omitted), and "allows admission of evidence of the defendant's past wrongs or acts, as long as the evidence is not offered to prove the defendant's predisposition toward criminal behavior," *United States v. Sterling*, 860 F.3d

5

233, 246 (4th Cir. 2017). Evidence is admissible under Rule 404(b) if it is: "(1) relevant to an issue other than the general character of the defendant, (2) necessary to prove an essential claim or element of the charged offense, and (3) reliable." *Id.* The evidence also must be admissible under Fed. R. Evid. 403, in that the evidence's prejudicial effect does not substantially outweigh its probative value. *Id.* at 247.

In admitting the challenged evidence, the district court noted that the prior acts all occurred within a few months of Walker-Bey's arrest on the instant charge and that they were relevant to and probative of whether Walker-Bey knowingly and intentionally possessed the handgun. In finding that its probative value was not substantially outweighed by any unfairly prejudicial effect, the court opined that the conduct was similar to the allegations in the charged crime and that there was no reference to violent crimes or anything that would unfairly prejudice Walker-Bey. We conclude that the district court did not abuse its discretion in admitting this evidence.

Next, Walker-Bey challenges the expert testimony of Dave Collier, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives. Collier was not involved in the investigation of Walker-Bey. Collier testified as a firearms expert about certain terminology related to calibers and models of firearms and, in addition, identified the models of two handguns in a photograph in one of the text messages extracted from Walker-Bey's cell phone. At trial, Walker-Bey objected to the testimony on the basis that the jury could potentially infer from Collier's testimony that the text and Facebook messages previously entered into evidence were about buying and selling firearms. The district court overruled this objection.

6

Under Fed. R. Evid. 702, "[a] witness qualified as an expert by knowledge, skill, experience, training, or education" is permitted to testify if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." However, an expert generally is not permitted to apply law to facts to reach a legal conclusion, as such testimony is not considered helpful to the jury. *See United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011); *United States v. Perkins*, 470 F.3d 150, 157-58 (4th Cir. 2006). Because Collier provided expert testimony related to firearms in order to aid the jury in "understand[ing] the evidence," Fed. R. Evid. 702, we conclude that the district court did not abuse its discretion in allowing the testimony.

IV

Finally, Walker-Bey argues that the district court improperly enhanced his sentence under USSG § 2K2.1(b)(6)(B). At sentencing, the district court established a Sentencing Guidelines range of 108 to 120 months' imprisonment, which included a 4-level offense level enhancement under USSG § 2K2.1(b)(6)(B) because Walker-Bey possessed the firearm in connection with another felony offense.

When reviewing a district court's application of the Sentencing Guidelines, we review the district court's legal conclusions de novo and its factual conclusions for clear error. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1575 (2019). A defendant faces a four-level enhancement to his offense level if he "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). A firearm is used in connection with another felony offense if it

7

"facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A); *United States v. McKenzie-Gude*, 671 F.3d 452, 463-64 (4th Cir. 2011). "This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *McKenzie-Gude*, 671 F.3d at 464 (internal quotation marks omitted); *see* USSG § 2K2.1 cmt. n.14(B) (explaining that in drug trafficking offense, when "a firearm is found in close proximity to drugs," the firearm necessarily "has the potential of facilitating another felony offense").

Here, the district court determined that the large amount of cash and the individually packaged bags of marijuana recovered from Walker-Bey's person and car were sufficient to warrant the enhancement. We have observed that "[a] handgun . . . has been deemed a tool of the drug trade because it is easy to conceal yet deadly" and that "firearms that are readily accessible during drug activities can be deemed as possessed in connection there-with." *United States v. Manigan*, 592 F.3d 621, 629 (4th Cir. 2010) (internal quotation marks omitted). We therefore conclude that the district court did not err in applying the § 2K2.1(b)(6)(B) enhancement.

V

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

8