**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4673**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARLAND SANGRIA SLADE,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00432-WO-1)

Submitted:  August 20, 2020            Decided:  August 24, 2020

Before GREGORY, Chief Judge, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. McClellan, IVEY, MCCLELLAN, GATTON & SIEGMUND, LLP, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Whitney N. Shaffer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Garland Sangria Slade pled guilty to one count of possessing ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court imposed a sentence of 52 months' imprisonment. On appeal, Slade contends that his sentence is procedurally and substantively unreasonable. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively substantively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Slade argues that his sentence is procedurally unreasonable because the district court improperly enhanced his sentence under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). At sentencing, the district court established a Sentencing Guidelines range of 57 to 71 months' imprisonment, based in part on a 4-level offense level

2

enhancement under USSG § 2K2.1(b)(6)(B) because Slade possessed a firearm in connection with another felony offense under North Carolina law, felony discharge of a weapon into an occupied dwelling.

When reviewing a district court's application of the Sentencing Guidelines, we review the district court's legal conclusions de novo and its factual conclusions for clear error. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1575 (2019). A defendant faces a four-level enhancement to his offense level if he "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). The district court was entitled to consider Slade's conduct with the firearm in determining his sentence, so long as that conduct was proven by a preponderance of the evidence. *See United States v. Grubbs*, 585 F.3d 793, 799 (4th Cir. 2009).

We have reviewed the record and conclude that the district court properly applied the enhancement and did not clearly err in finding by a preponderance of the evidence that Slade used a firearm in connection with another felony offense pursuant to USSG § 2K2.1(b)(6)(B). On appeal, Slade contends that the Government did not prove his involvement in another felony offense by a preponderance of the evidence. However, we find no clear error in the district court's finding that it was more likely than not that Slade discharged his firearm into an occupied dwelling.[*]

---

[*] Although Slade argues on appeal that the court should have held an evidentiary hearing, the court gave Slade the opportunity to adjourn for a continuation on the enhancement and he declined it. Further, the court's findings were sufficient on the record.

Slade's sentence—which is below the properly-calculated Guidelines range—is presumptively substantively reasonable. *See Louthian*, 756 F.3d at 306. Slade has not rebutted this presumption on appeal and merely repeats his procedural reasonableness challenge, relying on his sentencing enhancement claim to demonstrate that his sentence is substantively unreasonable. The district court reasonably determined that a below-Guidelines-range sentence was proper and we discern no evidence that could arguably rebut the presumption of reasonableness this court affords Slade's sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*