**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4100**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN ANDREW MUDLOCK,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00083-WO-1)

Submitted:  August 11, 2020                      Decided:  September 10, 2020

Before HARRIS, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert C. Trenkle, EDWARDS & TRENKLE, PLLC, Pittsboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Tanner L. Kroeger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Andrew Mudlock appeals from his 48-month sentence imposed pursuant to his guilty plea to possession of a firearm by a convicted felon. On appeal, he challenges the district court's enhancements for possession of the firearm in connection with another felony offense, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B), and creating a substantial risk of serious bodily injury to a law enforcement officer, pursuant to USSG § 3A1.2(c)(1). We affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." *United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012); *see Gall v. United States*, 552 U.S. 38, 41, 51 (2007). The first step in this review requires this court to ensure that the district court committed no "significant procedural error." *King*, 673 F.3d at 283 (internal quotation marks omitted). "Significant procedural errors" include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51.

Generally, when reviewing a district court's application of the Guidelines, we review the district court's legal conclusions de novo and its factual conclusions for clear error. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1575 (2019). A Guidelines miscalculation generally justifies resentencing under the

correct Guidelines range. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018).

Section 2K2.1(b)(6)(B) prescribes a four-level enhancement to a defendant's offense level when the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). For purposes of USSG § 2K2.1(b)(6)(B), "another felony offense" is "any federal, state, or local offense, other than the . . . firearms possession . . . offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). "The government bears the burden of proving the facts supporting the enhancement by a preponderance of the evidence." *United States v. Andrews*, 808 F.3d 964, 968 (4th Cir. 2015). "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence," *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted), that is, the court must find these facts "more likely than not" to be true, *United States v. Kiulin*, 360 F.3d 456, 461 (4th Cir. 2004).

In this case, Mudlock pointed a firearm at an on-duty law enforcement officer, responding to a call from Mudlock's wife that Mudlock had a firearm and was acting strangely. Given the circumstances of this case, the district court concluded that Mudlock's conduct constituted a felony offense under North Carolina law. *See* N.C. Gen. Stat. 14-34.5 (felony assault with a firearm on law enforcement); *North Carolina v. Haynesworth*, 553 S.E.2d 103, 109 (N.C. App. 2001) ("[T]he elements required for conviction of the crime of assault with a firearm on a law enforcement officer are (1) an assault; (2) with a firearm;

3

(3) on a law enforcement officer; (4) while the officer is engaged in the performance of his or her duties.").

However, Mudlock asserts that assault was not proven because Mudlock did not know that the people on his property were law enforcement personnel.[*] Prior to the sentencing hearing, Mudlock acknowledged to a psychiatrist who evaluated him that, on the night in question, he may have been contemplating suicide by cop. Further, Mudlock knew that night that his wife wanted him to get help at the hospital after they had an argument. He was also aware that people holding flashlights were searching the yard. Finally, Mudlock also committed an assault after one of the officers announced himself. After Deputy Brandon Bolick informed Mudlock that he was a police officer, Mudlock did not immediately respond by dropping the gun; instead, he stated that he would kill Bolick if he approached. Moreover, moments later, when Mudlock leaned out from behind a shed, after having pointed a gun directly at Bolick, he put Bolick in reasonable apprehension of serious bodily harm.

Thus, we find that Mudlock's possession of the firearm at issue in this case was committed in connection with another felony offense—felonious assault of a law enforcement officer under North Carolina law. Accordingly, the enhancement under USSG § 2K2.1(b)(6)(B) was not error.

---

[*] Mudlock also challenges the credibility of the officer who testified at the sentencing hearing. However, our review of the transcript shows that the district court's credibility determinations were not clearly erroneous.

An adjustment under USSG § 3A1.2(c)(1) applies if a defendant knowingly assaulted a law enforcement officer, in the course of his offense or during immediate flight, "in a manner creating a substantial risk of serious bodily injury." Application Note 4(A) states that "[s]ubsection (c) applies in circumstances tantamount to aggravated assault" against a law enforcement officer or prison official, and that "its applicability is limited to assaultive conduct against such official victims that is sufficiently serious to create at least 'a substantial risk of serious bodily injury.'"

Mudlock asserts that the evidence at the sentencing hearing did not support the finding that his actions created a substantial risk of injury, given that he never fired his weapon and that he was the only one injured. However, as discussed above, Mudlock assaulted a police officer, by pointing a firearm at him and threatening to shoot. We conclude that the district court did not err in finding that such conduct created a substantial risk of injury to the officer.

As such, the district court did not err in applying the challenged enhancements. Accordingly, we affirm Mudlock's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*