**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4368**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DEANGELO JAMES ENOCH,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R  Bryan Harwell, Chief District Judge.  (4:19-cr-00105-RBH-1)

Submitted:  October 26, 2020                          Decided:  November 20, 2020

Before WILKINSON and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  A. Lance Crick, Acting United States Attorney, Kathleen Michelle Stoughton, Assistant United States Attorney, Derek Alan Shoemake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deangelo James Enoch pleaded guilty to possession of a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and the district court sentenced Enoch to 57 months in prison. On appeal, he challenges the district court's calculation of his offense level, arguing that the court erred in determining that two of his prior South Carolina convictions under S.C. Code Ann. § 44-53-370(a)(1), for possession of marijuana with intent to distribute and distribution of marijuana, are controlled substance offenses under U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(2), 4B1.2(b) (2018). We affirm.

We review de novo the district court's determination that Enoch's prior convictions qualify as controlled substance offenses under the Guidelines. *See United States v. Allen*, 909 F.3d 671, 674 (4th Cir. 2018). Enoch contends that S.C. Code Ann. § 44-53-370(a)(1) is indivisible and subject to the categorical approach, under which the statute is overbroad and, thus, his prior convictions are not controlled substance offenses for purposes of USSG § 2K2.1(a)(2). But our decision in *United States v. Furlow*, 928 F.3d 311 (4th Cir. 2019), *vacated and remanded on other grounds*, 140 S. Ct. 2824 (2020), undercuts Enoch's argument. We held that S.C. Code Ann. § 44-53-375(B)—which we noted was "almost identical" to § 44-53-370(a)(1)—was divisible and thus subject to the modified categorical approach when determining whether a prior conviction under that statute was a controlled substance offense under the Guidelines. *Furlow*, 928 F.3d at 319-22 (citing with approval *United States v. Marshall*, 747 F. App'x 139, 148-50 (4th Cir. 2018) (No. 16-4594) (argued but unpublished) (holding § 44-53-370(a)(1) is divisible)); *see also United States v.*

2

*Goodwin*, 811 F. App'x 870, 871 (4th Cir. 2020) (No. 19-4045) (holding that district court erred in determining that conviction for possession of marijuana with intent to distribute under S.C. Code Ann. § 44-53-370(a)(1) did not qualify as controlled substance offense).

We therefore conclude that the modified categorical approach applies to Enoch's prior convictions. And Enoch does not dispute that, under that approach, his convictions under § 44-53-370(a)(1) qualify as controlled substance offenses for purposes of establishing his base offense level under USSG § 2K2.1(a)(2).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*