**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4469**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LEE SCOTT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge. (4:18-cr-00519-RBH-1)

Submitted: April 21, 2021                                    Decided: April 30, 2021

Before DIAZ, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Casey P. Riddle, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Justin W. Holloway, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Scott pleaded guilty to selling a firearm to a felon, in violation of 18 U.S.C. § 922(d)(1). The district court sentenced him to 72 months in prison. On appeal, he challenges the district court's calculation of his offense level, arguing that the court erred in determining that his three prior South Carolina convictions under S.C. Code Ann. § 44-53-370(a)(1) (one involving cocaine and two involving marijuana) and his prior South Carolina conviction under S.C. Code Ann. § 44-53-375(B) (involving crack cocaine) were controlled substance offenses under U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(2), 4B1.2(b). We affirm.

We review de novo the district court's determination that Scott's prior convictions qualified as controlled substance offenses under the Guidelines. *See United States v. Allen*, 909 F.3d 671, 674 (4th Cir. 2018). Scott contends that S.C. Code Ann. §§ 44-53-370(a)(1), 44-53-375(B) are indivisible and subject to the categorical approach, under which the statutes are overbroad. As such, Scott asserts that his prior convictions are not controlled substance offenses for purposes of USSG § 2K2.1(a)(2).

However, our decision in *United States v. Furlow*, 928 F.3d 311 (4th Cir. 2019), *vacated and remanded on other grounds*, 140 S. Ct. 2824 (2020), bars Scott's argument. There, we held that S.C. Code Ann. § 44-53-375(B)—which we noted was "almost identical" to § 44-53-370(a)(1)—was divisible and thus subject to the modified categorical approach when determining whether a prior conviction under that statute was a controlled substance offense under the Guidelines. *Furlow*, 928 F.3d at 320-22; *see also United States v. Young,* __ F. App'x __, 2021 WL 927241 (4th Cir. Mar. 11, 2021) (reaffirming

2

*Furlow*'s holding).  We therefore conclude that the modified categorical approach applies to Scott's prior convictions.  Scott does not dispute that, under that approach, his South Carolina convictions qualified as controlled substance offenses for purposes of establishing his base offense level under USSG § 2K2.1(a)(2).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*