# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4399**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MATTHEW SCOTT COLLINS,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, District Judge.  (2:19-cr-00024-TSK-MJA-1)

Submitted:  May 14, 2021                            Decided:  June 3, 2021

Before FLOYD and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elizabeth B. Gross, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Stephen Donald Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Scott Collins pled guilty, pursuant to a plea agreement, to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2). The district court sentenced Collins to 84 months' imprisonment, a term at the low end of his 84- to 105-month advisory Sentencing Guidelines range. On appeal, counsel for Collins has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in enhancing Collins' sentence pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2018). Collins was notified of his right to file a pro se supplemental brief but he has not done so. The Government elected to not file a brief. We affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." *United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012); *see Gall v. United States*, 552 U.S. 38, 41, 51 (2007). The first step in this review requires us to ensure that the district court committed no "significant procedural error." *King*, 673 F.3d at 283 (internal quotation marks omitted). "Significant procedural errors" include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. Generally, when reviewing a district court's application of the Guidelines, we review the district court's legal conclusions de novo and its factual conclusions for clear error. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018).

2

The Guidelines provide for a four-level increase to the base offense level for a firearm conviction if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). For purposes of USSG § 2K2.1(b)(6)(B), "another felony offense" is "any federal, state, or local offense, other than the . . . firearms possession . . . , punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C). The Government bears the burden of proving the facts supporting the enhancement by a preponderance of the evidence. *United States v. Kobito*, 994 F.3d 696, __, No. 19-4560, 2021 WL 1555220, at *3 (4th Cir. Apr. 21, 2021).

We conclude that the facts presented by the Government were sufficient to establish by a preponderance of the evidence that Collins committed a felony offense, namely West Virginia grand larceny. *See* W. Va. Code Ann. § 61-3-13 (LexisNexis 2020). And, during the course of committing the grand larceny, Collins stole the firearms. The commentary provides that § 2K2.1(b)(6)(B) applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." USSG § 2K2.1 cmt. n.14(B). We conclude that the district court did not clearly err in concluding that Collins possessed the firearms in connection with the grand larceny and hence properly applied the § 2K2.1(b)(6)(B) enhancement.

Because we further conclude that Collins' sentence is procedurally reasonable, we next review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. Any sentence within or below a

3

properly calculated Guidelines range is presumptively substantively reasonable, and that presumption may be rebutted only by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Collins has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Collins, in writing, of the right to petition the Supreme Court of the United States for further review. If Collins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Collins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*