**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4005**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

DARELLE DAVON BOYNTON, a/k/a Darrelle Boynton,

          Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:20-cr-00038-1)

Submitted: July 28, 2021                     Decided: August 18, 2021

Before FLOYD, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Rhett H. Johnson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Lisa G. Johnston, Acting United States Attorney, R. Gregory McVey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darelle Davon Boynton appeals his 70-month sentence imposed following his guilty plea to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (two counts); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On appeal, he argues that the district court erred in applying a four-level sentencing enhancement for possessing the firearm in connection with another felony offense in calculating his advisory Sentencing Guidelines range. *See* U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6)(B) (2018). We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* In assessing the application of Guidelines enhancements, we review findings of fact for clear error and legal conclusions de novo. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

A district court applies a four-level enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG

2

§ 2K2.1(b)(6)(B). A firearm is used in connection with another felony offense if it "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A); *see* USSG § 2K2.1 cmt. n.14(B) (explaining that, in context of drug trafficking offense, when "a firearm is found in close proximity to drugs," the firearm necessarily "has the potential of facilitating another felony offense"). "Another felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C).

On appeal, Boynton contends that the Government did not prove that the firearm at issue was connected to his drug activity. We have thoroughly reviewed the record and find no clear error in the district court's finding that it was more likely than not, on the entire evidence, that Boynton was engaged in drug trafficking and that the firearm "facilitated, or had the potential of facilitating" that offense. *See* USSG § 2K2.1 cmt. n.14(A). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*