**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4144**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY CESAR PENALOZA,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:19-cr-00238-TDC-1)

Submitted: October 19, 2021     Decided: October 21, 2021

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles Burnham, BURNHAM & GOROKHOV PLLC, Washington, D.C., for Appellant. Jonathan F. Lenzner, Acting United States Attorney, Jessica C. Collins, Assistant United States Attorney, Rajeev R. Raghavan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Cesar Penaloza appeals the 54-month sentence imposed following his guilty plea to possessing firearms and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Penaloza argues that the district court erred in applying a four-level sentencing enhancement for possessing the firearm in connection with another felony offense in calculating his advisory Sentencing Guidelines range. *See* U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6)(B) (2018). We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* In assessing the application of Guidelines enhancements, we review findings of fact for clear error and legal conclusions de novo. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

A district court applies a four-level enhancement if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). A firearm is used in connection with another felony offense if it "facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1

cmt. n.14(A). "Another felony offense" is defined as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 cmt. n.14(C).

We have reviewed the record on appeal as well as the parties' briefs and we find no error. The district court appropriately determined that the enhancement applied based, in part, on the grand jury testimony of the victim, recognizing the Government's burden of proof. *See United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (noting that a district court "may consider any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." (internal quotation marks omitted)). Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*