**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4453

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAY BERNARD RIVERS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., Senior District Judge.  (3:15-cr-00164-JAG-1)

Submitted:  July 28, 2022                        Decided:  August 29, 2022

Before GREGORY, Chief Judge, KING, Circuit Judge, and FLOYD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:** Sicilia C. Englert, LAW OFFICE OF SICILIA C. ENGLERT, LLC, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Joseph Attias, Assistant United States Attorney, Michael C. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jay Bernard Rivers appeals his 87-month sentence[1] and $84,918.47 restitution order imposed after resentencing on his convictions, following a jury trial, for mail theft, aggravated identity theft, bank fraud, and conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 2, 1708, 1028A(a)(1), 1344, 1349.[2]  On appeal, Rivers challenges the sufficiency of the factual findings supporting both the intended loss amount used to calculate his Sentencing Guidelines range and the actual loss amount ordered as restitution. The Government argues that Rivers waived his appellate arguments because defense counsel affirmatively disclaimed any objections at sentencing or, alternatively, that Rivers at the very least failed to preserve the arguments for appellate review.  For the reasons that follow, we affirm in part, vacate in part, and remand.

Generally, in reviewing a challenge to the district court's Sentencing Guidelines calculation, we review the district court's legal conclusions de novo and its factual findings for clear error.  *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018).  However, "when a party does not preserve an argument in the district court, we review only for plain error." *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010); *see United States v. Duroseau*, 26 F.4th 674, 678 n.2 (4th Cir. 2022) (defining "forfeiture" as "the failure to make the timely assertion of a right" and explaining that we "may review a forfeited claim for plain

---

[1] During the pendency of this appeal, Rivers was released from prison.  In light of Rivers' three-year term of supervised release, this appeal is not moot.  *See United States v. Ketter*, 908 F.3d 61, 65-66 (4th Cir. 2018).

[2] The district court vacated Rivers' original sentence under 28 U.S.C. § 2255.

error"). And when a party affirmatively waives an issue—by, for example, acknowledging the issue but "explicitly withdraw[ing] it"—"it is not reviewable on appeal, even for plain error." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014).

In anticipation of Rivers' resentencing, the probation officer drafted a revised presentence report (PSR), which did not change in any material way from the original PSR. Rivers did not file any objections, and he conceded the applicable Guidelines range would be 51 to 63 months' imprisonment, to be followed by a mandatory 2-year sentence, to run consecutively. He also acknowledged that he would be required to pay the identified amount of restitution. At the resentencing hearing, although defense counsel[3] reaffirmed that he did not have any objections to the PSR, he relayed to the district court that Rivers "[did] object . . . to the amount of loss. It is attributed $84,000 actual loss . . . And there [was] some intended loss as well." (J.A. 150).[4] Counsel did not put forth any grounds for the objection, and he affirmatively distanced himself from Rivers' objection, noting that he raised it at his client's behest but that he had not identified any issue in the loss calculation.

To extent that this assertion was sufficient to avoid a total waiver of the arguments Rivers seeks to raise on appeal, we find that Rivers nevertheless forfeited his challenges to the factual findings supporting the loss amounts used in calculating his Guidelines range and restitution. "The entire purpose of an objection is to alert the district court to the actual

---

[3] Rivers is represented by different counsel on appeal.

[4] "J.A." refers to the joint appendix filed by the parties in this appeal.

3

basis of the asserted error" in order to enable the court "to correct possible error in short order and without the need for an appeal." *United States v. Bennett*, 698 F.3d 194, 199 (4th Cir. 2012). Accordingly, to preserve an issue for appeal, the appealing party must "alert the district court to the specific reason" for the objection. *Id.* "[V]ariations on arguments made below may be pursued" on appeal only if "the appealing party asked both courts to evaluate the same fundamental question." *United States v. Boyd*, 5 F.4th 550, 556 (4th Cir. 2021) (internal quotation marks omitted). Because Rivers did not present the district court with the grounds he now raises on appeal, our review is for plain error. To establish plain error, Rivers must show (1) error, (2) that "is clear and obvious," and (3) that "affected his substantial rights." *United States v. Fowler*, 948 F.3d 663, 669 (4th Cir. 2020). If the defendant makes this showing, we may correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

Pursuant to Fed. R. Crim. P. 32(i)(3)(A), a sentencing court "may accept any undisputed portion of the [PSR] as a finding of fact." And even if a defendant objects to a finding in the PSR, absent "an affirmative showing the information is inaccurate, the court is free to adopt the findings of the [PSR] without more specific inquiry or explanation." *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) (cleaned up). In light of Rivers' failure to lodge any specific objection to the loss amounts attributable to him and his related failure to affirmatively show that the numbers in the PSR were inaccurate, there is no error, let alone plain error, in the district court's reliance on the PSR.

4

Finally, the Government requests that this court remand the case for the limited purpose of determining a payment schedule that accounts for Rivers' financial condition, pursuant to 18 U.S.C. § 3664(f)(2).  In fashioning a payment schedule for a restitution judgment, a district court "must make a factual finding keying the statutory factors [listed in § 3664(f)(2)] to the type and manner of restitution ordered."  *United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir. 2000).  The district court may satisfy this requirement by adopting the proposed findings contained within the PSR.  *Id.*

Although the district court adopted the proposed findings set forth in the PSR in this case, as the Government emphasizes on appeal, there is some ambiguity in the record concerning whether the court's order that restitution be paid in full immediately adequately accounted for Rivers' financial situation.  We note that the district court was authorized to order payment of restitution due immediately.  *See* 18 U.S.C. § 3664(f)(3)(A)-(B).  However, in light of the difference between the original payment schedule and the payment schedule imposed at resentencing, we vacate this portion of the judgment and remand so the court may make factual findings regarding Rivers' current financial assets and fashion an appropriate payment schedule.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

5