**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4052**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ASHLEY BRYON FISHER, a/k/a Ponchie,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:20-cr-00453-JFA-10)

─────────────

Submitted:  December 20, 2022                    Decided:  December 22, 2022

─────────────

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Andrew Robert de Holl, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ashley Bryon Fisher pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court sentenced Fisher, below the advisory Sentencing Guidelines range, to 84 months' imprisonment. On appeal, counsel for Fisher has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court reversibly erred in calculating Fisher's criminal history. Although notified of his right to file a pro se supplemental brief, Fisher has not filed one. The Government elected to not file a brief. We affirm.

We review Fisher's sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). The first step in this review requires us to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. Generally, when reviewing a district court's application of the Guidelines, we review the district court's legal conclusions de novo and its factual conclusions for clear error. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018).

Under the Guidelines, prior sentences exceeding one year and one month generally are assigned three criminal history points. U.S. Sentencing Guidelines Manual § 4A1.1(a) (2021). However, any sentence imposed more than 15 years before the commencement of

2

the instant offense should not be counted unless the defendant's incarceration extended into the 15-year period.  USSG §§ 4A1.1 cmt. n.1, 4A1.2(e)(1) & cmt. n.8.

Fisher was assessed three criminal history points each for two prior five-year sentences imposed in June 2001.[*]  He contends that the district court erred in scoring criminal history points for these sentences, arguing that he was released from custody more than 15 years before he committed the instant conspiracy offense.  However, Fisher was released from incarceration on the prior sentences on June 1, 2004.  By Fisher's own admission, he became involved in the instant drug trafficking conspiracy no later than January 2019.  Therefore, his prior terms of imprisonment extended into the 15 years preceding the commencement of his instant offense.  We conclude that the district court properly calculated the criminal history points for these sentences and our review of the record convinces us that Fisher's sentence is procedurally reasonable.

We next review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances."  *Gall*, 552 U.S. at 51.  Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable, and that presumption may be rebutted only by a showing that the sentence is unreasonable when measured against the § 3553(a) factors.  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).  Fisher has failed to rebut the presumption of reasonableness accorded his below-Guidelines sentence.

---

[*] The prior sentences were imposed on the same day, but are counted separately because Fisher was arrested for the first offense before he committed the second offense. USSG § 4A1.2(a)(2).

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Fisher, in writing, of the right to petition the Supreme Court of the United States for further review.  If Fisher requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Fisher.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*