**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4652

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEAN JARRED DAVIS, a/k/a Mike, a/k/a White Mike,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:23-cr-00003-GMG-RWT-1)

Submitted:  February 27, 2026                    Decided:  March 27, 2026

Before AGEE, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Dallas F. Kratzer III, Alexys M. Bardonaro, Margaret A. Lohmann, STEPTOE & JOHNSON PLLC, Columbus, Ohio, for Appellant.  Randolph J. Bernard, Acting United States Attorney, Lara K. Omps-Botteicher, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Jarred Davis pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute and to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846.  On appeal, Davis challenges his 240-month sentence, arguing that the district court erred in applying a four-level leadership enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(a) (2023) and a two-level livelihood enhancement under USSG § 2D1.1(b)(16).  The Government moves to dismiss the appeal in part based on the appeal waiver included in Davis's plea agreement.  The Government argues that the only issue not encompassed by the appeal waiver is whether the district court erred in applying the four-level leadership enhancement under USSG § 3B1.1(a).  In response to the Government's motion, Davis argues that the appeal waiver is not enforceable because the Government breached the plea agreement and the appeal waiver was not knowing and voluntary.  He further argues that enforcement of the appeal waiver would constitute a miscarriage of justice.

Initially, "[p]lea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain."  *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted).  "The government breaches a plea agreement when a promise it made to induce the plea goes unfulfilled."  *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017).  Where, as here, the defendant did not challenge the Government's purported breach of the plea agreement below, we review his claim for plain error.  *Edgell*, 914 F.3d at 286.

2

In Davis's plea agreement, the Government indicated that it would seek a four-level sentencing enhancement based on Davis's leadership role pursuant to USSG § 3B1.1(a) and a two-level enhancement for Davis's use of a firearm pursuant to USSG § 2D1.1(b)(1). The parties agreed that they would not argue for any additional enhancements or adjustments at sentencing. The plea agreement also provided that the district court would not be bound by the parties' sentencing stipulations, and Davis would not have the right to withdraw his plea agreement if the court did not accept the stipulations. The plea agreement further provided that the Government reserved the right to provide relevant information for the presentence report (PSR), which could inform the court's sentencing decision. In the PSR, the probation officer recommended applying an additional enhancement under USSG § 2D1.1(b)(16) because Davis committed the offense as part of a pattern of criminal conduct engaged in as a livelihood. At sentencing, the Government argued for the application of the leadership and firearm enhancements under USSG § 3B1.1(a) and USSG § 2D1.1(b)(1), respectively. Contrary to Davis's contention on appeal, the Government, however, did not similarly actively argue for the court to impose the livelihood enhancement under USSG § 2D1.1(b)(16). The court adopted the PSR and imposed the two-level enhancement under USSG § 2D1.1(b)(16). Our review of the record reveals that the Government did not breach the plea agreement.

Next, we conclude that Davis's appeal waiver was knowing and voluntary. "Whether a defendant knowingly and intelligently agreed to waive his right of appeal must be evaluated by reference to the totality of the circumstances." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010) (internal quotation marks omitted). A waiver is generally

3

valid "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

At the Rule 11 hearing, Davis affirmed that he had read and understood the plea agreement, including the appeal waiver, that he had discussed the agreement with his counsel, and that he had not been pressured or threatened to sign the waiver. Following the Government's summary of the plea agreement, the district court asked if Davis understood the plea agreement. Davis confirmed that he understood that the plea agreement contained recommendations and that the court would decide whether to accept those recommendations after the PSR was prepared. The court questioned Davis about the waiver of appellate rights during the Rule 11 hearing, and the record indicates that Davis understood the full significance of the waiver. Our review of the record reveals that Davis knowingly and intelligently agreed to waive his right to appeal his sentence, preserving the right to appeal only the application of sentencing enhancements under USSG §§ 3B1.1(a), 2D1.1(b)(1). The waiver's language is clear and unambiguous, and the district court reviewed the terms of the waiver with Davis at the Rule 11 hearing to ensure that he understood it. Therefore, we find that Davis's appeal waiver is valid and enforceable. Because Davis's challenge to the application of the two-level livelihood enhancement under USSG § 2D1.1(b)(16) falls within the scope of the waiver, we grant the Government's motion to dismiss Davis's appeal as to court's application of that enhancement.

The only claim on appeal not encompassed by Davis's appeal waiver is the application of the leadership enhancement pursuant to USSG § 3B1.1(a). Generally, in reviewing a challenge to the district court's Sentencing Guidelines calculation, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018).

Under USSG § 3B1.1(a), a probation officer is directed to increase a base offense level by four levels if the officer determines that "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." To apply a leadership enhancement under USSG § 3B1.1, courts should consider, among other factors, the exercise of decision-making authority, recruitment of accomplices, the right to a larger share of the proceeds, participation in planning and organizing, and the degree of control over others in the conspiracy. *See* USSG § 3B1.1, n.4.

Here, the district court found that Davis operated a large-scale drug conspiracy and exercised control and decision-making authority over younger members of the operation. The evidence supports that finding. Thus, we conclude that the district court did not err in applying the four-level leadership enhancement under USSG § 3B1.1(a).

Accordingly, we grant the Government's motion to dismiss in part and affirm the remainder of the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

5